Dear Mr. Grant:
The Louisiana Department of Transportation and Development ("DOTD") requests clarification of our prior opinion, Attorney General Opinion No. 05-0134, regarding a joint maintenance agreement contemplated by DOTD and the City of New Orleans through the Public Belt Railroad Commission ("Railroad"). Our prior opinion concluded that DOTD could not assume liability for damages caused by anyone other than itself, its employees or agents. To do otherwise would violate Article 7, Section 14 of the Louisiana Constitution that prohibits the donation of public funds. DOTD now questions whether or not it may reimburse the Railroad for its portion of various maintenance and administrative expenses, including insurance costs, incurred by the Railroad.
DOTD and the Railroad entered into an agreement, the Bridge Agreement, in 1932. This agreement provided that the State and the Railroad would construct, maintain and operate a combination highway and double track railroad bridge in Jefferson Parish. Pursuant to the agreement, the entire bridge and approaches are owned by the Railroad but DOTD has possession of the highway section of the bridge and the approaches in perpetuity. The maintenance and repair directly applicable to the railroad section of the bridge are borne by the Railroad. The maintenance and repair directly applicable to the highway section are borne by DOTD.
DOTD and the Railroad are jointly responsible for the maintenance and repair of those portions of the bridge and approaches not coming within the highway or railroad portion of the bridge, 40% percent by DOTD and 60% by the Railroad. This joint maintenance agreement was first entered into in 1936. DOTD and the Railroad revised the agreement in 1954 and have continued it on a year-to-year basis thereafter.
There is a major reconstruction and expansion project planned for the near future. As a result, DOTD and the Railroad are preparing the joint maintenance agreement that will be in effect during the construction. The Railroad plans to include in its costs to *Page 2 
maintain the jointly owned portions DOTD's pro-rata share of various insurance and administrative costs. The insurance costs include coverage for bodily injury, property damage, federal employees liability act, strict liability, operation, maintenance, repairs and other activities related to the bridge. Administrative costs include the maintenance and repair of the bridge main office, administration building, dressing room and store room, maintenance and repair of the central avenue office and dressing room, clerical and bridge security salaries and preparation of the Railroad's annual budget, long range planning, etc.
It is our opinion that the Railroad may include these costs as maintenance costs pursuant to the joint maintenance agreement. Unlike the issue presented in the original opinion, this is not a matter of DOTD assuming liability for damages caused by someone other than itself. This situation is simply a matter of DOTD paying its portion of the maintenance and repair of the jointly owned portions of the bridge and approaches pursuant to a contract entered into by and between DOTD and the Railroad.
You question if DOTD may pay these expenses in light of Article7, Section 27 of the Louisiana Constitution. This Article established within the State Treasury the Transportation Trust Fund that provides, in pertinent part, as follows:
 (B) the monies in the trust fund shall be appropriated or dedicated solely and exclusively for the costs for and associated with construction and maintenance of the roads and bridges of the state and federal highway systems . . .
It is our opinion that the maintenance and repair costs outlined in your request fit within the appropriate uses of the trust fund.
With kindest regards,
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: _______________________________ TINA VICARI GRANT Assistant Attorney General